FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 01, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STACEY W. H.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:19-CV-00009-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 15 & 16. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. *See* Administrative Record ("AR") at 2-4, 12-39. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS**

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I.      JURISDICTION

Plaintiff filed his application for Supplemental Security Income on October 23, 2015. AR 15. He alleged a disability onset date of January 1, 2006, which was later amended to October 23, 2015. *Id*. Plaintiff's application was initially denied on March 16, 2016, and his request for reconsideration was denied on June 3, 2016. *Id*.

Administrative Law Judge ("ALJ") Lori L. Freund held a hearing on October 25, 2017 and heard testimony from Plaintiff, vocational expert Joseph A. Moisan, and medical experts Dr. Nossa W. Maya and Dr. Glenn E. Griffin. AR 38-84. On March 12, 2018, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 12-29. The Appeals Council denied Plaintiff's request for review on January 16, 2019. AR 2-4. Plaintiff sought judicial review by this Court on January 8, 2019. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.     SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in her previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

     In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 49 years old on the date of the alleged disability onset. AR 15, 27. He has a limited education. AR 27. Plaintiff is able to communicate in English. *Id*. Plaintiff has past relevant work as a grip, overnight stocker, changer/lubrication services, and dog kennel cleaner. *Id*.

## V.   THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act at any time from October 23, 2015, the date Plaintiff's application was filed, through March 12, 2018, the date the ALJ issued her decision. AR 15-30.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 23, 2015, the application date. (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 17.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; chronic obstructive pulmonary disease; scoliosis of the thoracic spine; status post resection of the

prostate; major depressive disorder; unspecified personality disorder; and generalized anxiety disorder (citing 20 C.F.R. § 416.920(c)). AR 18.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. *Id*.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416. 967(b), with the following exceptions: he can sit and stand for four hours total each in an eight-hour workday; needs to have a sit/stand option allowing for a change in position in 60-minute intervals; can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extreme cold, airborne irritants such as fumes, odors, dust, gases, and all unprotected heights and hazardous machinery; must avoid operational control of moving machinery; is limited to simple, repetitive tasks; must avoid direct interaction on the job with the general public, but can have superficial interaction with coworkers and supervisors; will work best with no tandem tasks and can handle occasional changes in the work setting. AR 20-21.

The ALJ determined that Plaintiff is unable to perform past relevant work as a grip, overnight stocker, changer/lubrication services, and dog kennel cleaner (citing 20 C.F.R. § 416.965). AR 27.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. *Id*. These include merchandise marker; maid; and hand mounter, photo finishing. AR 27-28.

## VI.   ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ reversibly erred by: (1) improperly discrediting Plaintiff's symptom claims; and (2) improperly weighing the medical opinion evidence. ECF No. 15 at 15.

## VII.   DISCUSSION

**A. The ALJ Properly Discredited Plaintiff's Subjective Complaints.**

Plaintiff argues that the ALJ erred by rejecting Plaintiff's symptom testimony without providing clear and convincing reasons for doing so. ECF No. 15 at 15-19. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the

severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284.

When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible, AR 21 and 25, and provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 18-27.

**1. The ALJ properly discredited Plaintiff due to inconsistent statements.**

First, the ALJ pointed to Plaintiff's multiple inconsistent statements regarding his alleged level of mental limitation. AR 19-25. Prior inconsistent

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

statements may be considered and relied upon by an ALJ when evaluating the reliability of a claimant's testimony. *Smolen*, 80 F.3d at 1284; *Tommasetti*, 533 F.3d at 1039.

For example, the ALJ noted that although Plaintiff reported that "he did not spend any time with others and did not go anywhere on a regular basis because he isolates from people" he also stated that he did not have any problems getting along with family, friends, neighbors, authority figures, or others; could interact with store clerks while shopping; could maintain friendships with men he met from his shelter, and that "his anger issues had not interfered with his work in the past." AR 19, 23-24 263-70, 420-25. Further, the record shows that he was always cooperative with his treating therapists and that he interacted and got along with others who lived in his apartment complex. AR 19, 344-62, 438-45, 459-71, and 668-76.

Plaintiff also stated that he could pay attention for less than 15 minutes at a time, and that he had some difficulty following written and spoken instructions. AR 20, 263-270. However, he also reported that he is able to manage his activities of daily living, independently care for his son, that he enjoys playing video games and paint ball in his free time, and that he could follow spoken instructions "fine;" and examination and treatment records show that Plaintiff could perform serial threes without difficulty, demonstrated normal memory and a stable mood. AR 20,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

23-24, 263-70. Moreover, although Plaintiff alleged a limiting tremor in his right hand that worsens when attempting to eat and write, AR 332, the ALJ noted that this allegation was less persuasive because Plaintiff was able to sign a paper during the hearing without a tremor. AR 25. *See Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir.1997) (ALJ may properly consider inconsistencies within testimony or between testimony and conduct in weighing credibility). The ALJ further pointed to Plaintiff's inconsistent statements regarding his urinary impairment. Plaintiff claims that his urinary impairment would limit him from performing basic work functions. However, Plaintiff also reported that his symptoms had improved after the removal of his prostate,

Thus, there is substantial evidence in the record to support the ALJ finding that Plaintiff provided multiple inconsistent statements regarding his level of disability, and that the ALJ clearly and convincingly discredited Plaintiff due to these inconsistencies.

> **2. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistencies with objective medical evidence.**

In addition to Plaintiff's inconsistent statements, the ALJ provided three more clear and convincing reasons for discrediting Plaintiff's allegations of limitations. AR 21-25. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Commissioner of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

First, the ALJ noted that although Plaintiff complained of severe and limiting back pain, treatment records did not indicate that his degenerative disc disease and scoliosis caused the level of limitation that he alleged. AR 22. For example, notes show that he had good heel/toe walking and quad strength; could tandem walk normally; demonstrated normal reflexes; had a full range of motion and no specific tenderness; no limitation in his hips or knees; and that he walked with a normal gait with no need for an ambulation device. AR 22, 420-25.

Second, Plaintiff's treatment history indicates that his mental limitations are not as severe as he alleged. AR 23. For instance, treatment records indicate that he presented with a stable mood; did not demonstrate any evidence of delusion, hallucination, or implied or overt hostility; had a good fund of knowledge and conceptual ability; had good insight and judgment; was attentive during an interview; and that he demonstrated a fair fund of knowledge and normal memory. AR 23-24, 344-62, 426-31 446-58, 668-76.

Third, while Plaintiff's treatment records show a history of urinary impairment, treatment notes indicate that Plaintiff's symptoms improved after he

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

received surgery. Soon after his procedure, records note that he had less residual urine and good urine control. AR 23, 694-707.

Based on the above, the ALJ determined that the objective medical evidence in the record did not support a finding that Plaintiff's mental and physical limitations were functionally limiting to the point of being disabled. AR 20. *See Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 9th Cir. 1999) (an ALJ's determination that a claimant's complaints are inconsistent with clinical evaluations can satisfy the requirement of stating a clear and convincing reason for discrediting the claimant's testimony). Thus, the ALJ did not err in discrediting Plaintiff's subjective complaints due to inconsistencies between Plaintiff's alleged level of impairment and the objective medical evidence.

### 3. The ALJ properly discredited Plaintiff's subjective complaints due to his activities of daily living.

In addition to the above-stated inconsistencies, the ALJ found that Plaintiff's allegations of completely disabling limitations were belied by his actual level of activity. AR 19-25. A claimant's daily activities may support an adverse credibility finding in two instances: (1) the claimant's activities contradict other testimony; or (2) the claimant is able to spend a significant part of his day engaged in physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). *See Molina,* 674 F.3d at 1113 ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *Osenbrock v. Apfel,* 240 F.3d 1157, 1166–67 (9th Cir.2001) (noting that ALJ properly found claimant's self-imposed limits on daily activities did not support alleged claims of disability).

Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ provided multiple examples of Plaintiff's daily activities that did not correlate with the level of impairment he asserts. AR 20-25. For instance, although Plaintiff alleges disabling physical and mental impairments, he reported that he required no assistance with his activities of daily living; he was fully independent in his basic self-care; he would go on walks with his son and enjoyed playing videogames and paint ball in his spare time; he could drive, go shopping, cook, and clean; and that he could independently care for his son and his service animal. AR 19-24, 344-62, 420-25, 426-31.

Further, despite Plaintiff's allegations that he did not spend time with others, did not go anywhere on a regular basis, and that he isolated himself from others; he

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

also reported that he lived in an apartment with friends, got along with others who live in his apartment building, could interact with store clerk while shopping, that he liked people and could maintain friendships, and that he does "okay" in social situations. AR 19-24, 426-31, 459-71, 668-76.

The above activities contradict Plaintiff's claims severely limiting mental and physical impairments. As such, the ALJ properly determined that Plaintiff's daily activities did not support the level of disability he alleged and provided multiple clear and convincing reasons for such determination.

### 4. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistency with treatment.

The ALJ also found that Plaintiff's allegations of disabling limitations are inconsistent the level of treatment he sought and received during the relevant time period. AR 21-25. The Ninth Circuit has indicated that a claimant's statements may be less credible when treatment is inconsistent with the level of complaints, or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114.

The ALJ pointed to multiple inconsistencies between Plaintiff's allegations and his actual level of treatment, such as; the conservative and effective treatment Plaintiff received and his failure to seek treatment. AR 19-25. For example, despite Plaintiff's claims that severe back impairments, Plaintiff failed to pursue any physician-recommended physical therapy. AR 22. Further, the record indicates that

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

in 2014, Plaintiff was using Hydrocodone to control his back pain, and that overall he received only conservative treatment for his back impairments and COPD. *Id*. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("Unexplained, or inadequately explained, failure to seek treatment … can cast doubt on the sincerity of [a] claimant's pain testimony."); *see also Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment).

The ALJ also noted Plaintiff's effective response to mental health treatment. AR 23. Records show that Plaintiff took Depakote for depression with good results. As such, Plaintiff's allegations of disabling depression are belied by his effective response to treatment. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (an ALJ may find a claimant's subjective symptom testimony not credible based on evidence of effective responses to treatment); *see also* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3).

Thus, the ALJ properly determined that Plaintiff's level of treatment did not support level of impairment claimed by Plaintiff and the record supports the determination that Plaintiff's conditions were not as limiting as he alleged.

Taking into account all of the above credibility determinations, the ALJ provided multiple reasons that are substantially supported by the record to explain the adverse finding of Plaintiff's credibility. The ALJ is the trier of fact, and "[t]he

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 15

trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court does not find that the ALJ erred when discounting Plaintiff's credibility.

**B. The ALJ Properly Weighed the Medical Opinion Evidence.**

In his Motion, Plaintiff offers brief and vague argument that the ALJ failed to properly consider and weigh the opinion evidence. ECF No. 15 at 19-20. Specifically, Plaintiff argues that (1) although the ALJ gave great weight to the opinions of nonexamining doctors Steven Klienman, Dan Donahue, and Norman Staley, these findings are "based upon unsigned pages of documents at the Disability Determination Services" and "[i]t is not known if these individuals actually reviewed [Plaintiff's] records or if they did review them it is not known how much time they spent reviewing the medical documents;" (2) that the ALJ reversibly erred because she gave great weight to the opinions of nonexamining

doctor Glenn Griffin, who testified at the hearing as a medical expert, and examining doctor Kayleen Islam-Zwart, but gave little weight to Plaintiff's counselors Nancy Maloy, and Catheryn Jayne; and (3) that, based on Dr. Islam-Zwart's indication that Plaintiff "had moderate limitation in his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances without special supervision," Plaintiff has significant limitations in the ability to perform one or more basic work activities and should be considered unable to work. *Id*.

Plaintiff failed to assert substantive arguments regarding whether the experts reviewed Plaintiff's records and why certain experts should have received greater weight than others. He also incorrectly states that the ALJ gave "great weight" to the opinions of Dr. Klienman and Dr. Donahue – as the opinion were assigned only "some weight" AR 25. Further, Plaintiff cites to the transcript only twice, offers no supporting legal authority whatsoever, and fails to provide the Court with specific and meaningful arguments.

Plaintiff must do more than simply issue spot; he has the burden of showing prejudicial error. *See Molina*, 674 F.3d at 1110-11. Plaintiff has left it to the Court to guess at his specific contentions, the evidence that causes him concern, and how the ALJ erred with regard to this evidence. *United States v. Renzi*, 651 F.3d 1012,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17

1030 (9th Cir. 2011); *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003).

Plaintiff's failure to argue this with more specificity essentially results in a waiver of the issue. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific arguments:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[1] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed.*

---

[1] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 18

*Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court declines to consider this issue.

In his Reply, Plaintiff argues that the ALJ reversibly erred by basing her decision upon the opinions of nonexamining doctors, and that the ALJ should have given significant weight to the findings of Plaintiff's treating physicians, Dr. William Brown and Dr. Thomas Fairchild. ECF No. 17 at 8. However, Plaintiff failed to provide any helpful cites to the record or specific argument to support this assertion. Further, in his initial briefing on this issue, Plaintiff failed to mention Dr. Brown, Dr. Fairchild, or any other treating doctors. *See* ECF No. 15 at 19-20. Arguments not made in an opening brief may be deemed waived. *Bray*, 554 F.3d at 1226. As such, by failing to provide argument regarding Plaintiff's treating physicians in his opening brief, Plaintiff waived his ability to make this argument in his Reply and the Court declines to consider this issue.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence, provides clear and convincing reasoning, and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED.**

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 19

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 1st day of June, 2020.

> *s/Robert H. Whaley*
> ROBERT H. WHALEY
> Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 20